

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARYO SAMIR WAHBA METRY, | No. 08-70758 |
| Petitioner, | Agency No. A095-630-135 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2013[**]
Pasadena, California

Before: REINHARDT, WARDLAW, and PAEZ, Circuit Judges.

Maryo Samir Wahba Metry, a native and citizen of Egypt, petitions for

review of the Board of Immigration Appeals' ("BIA") affirmance of the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Judge's ("IJ") denial of his application for withholding of removal.[1]

We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and remand.

The BIA affirmed the IJ's finding that Metry did not suffer past persecution. Substantial evidence does not support that finding. We conclude that, when combined with his experiences at school and the death threats received by his family, Metry's close proximity to multiple religiously motivated murders, which resulted in his extended hospitalization due to a nervous breakdown, compels a finding of past persecution. *Mashiri v. Ashcroft*, 383 F.3d 1112, 1120 (9th Cir. 2004) ("Persecution may be emotional or psychological, as well as physical."); *Cordon-Garcia v. INS*, 204 F.3d 985, 991 (9th Cir. 2000) ("threats of violence and death are enough" to establish persecution); *Duarte de Guinac v. INS*, 179 F.3d 1156, 1163 (9th Cir. 1999) (petitioner's "physical and mental abuse . . . compels the conclusion that he was a victim of persecution."). Metry's youthful age at the

---

[1] At Metry's merits hearing, he withdrew his asylum application because it was untimely. Therefore, Metry's application for asylum is not at issue in this appellate proceeding. In light of the changed circumstances in Egypt, he may qualify for an exception to the one-year filing requirement. *See* 8 C.F.R. § 208.4. That is an issue, however, that he must pursue before the agency. Metry also sought protection under the Convention Against Torture ("CAT"), but he does not challenge the denial of CAT relief in his opening brief. Thus, we deem the issue waived and do not address it. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

time of these events further confirms our determination that the BIA erred.[2]

*Hernandez-Ortiz*, 496 F.3d 1042, 1046 (9th Cir. 2007); *see also Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1314–15 (9th Cir. 2012).

We note that the BIA found the relevant events here occurred "on account" of Metry's religion. Indeed, having accepted Metry's testimony as true, the BIA specifically referenced his statements that "he was persecuted by members of Islamic groups on account of his Christian religion" and that he was mistreated at school "because of his religion." Likewise, Metry's credible testimony established government involvement. Metry testified that he attended a government-run school and that Egyptian law enforcement officials allowed a raid and assault at his religious club to continue because they were afraid of the perpetrators. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1170 (9th Cir. 2005) (holding that government involvement exists where the government is unwilling or unable to control persecutors).

Because the BIA found no past persecution, it did not address whether the government rebutted the presumption that Metry has a well-founded fear of future persecution. *INS v. Ventura*, 537 U.S. 12, 16–18 (2002) (per curiam); *see also* 8

---

[2] All of these incidents occurred when Metry was between seven and nine years old.

3

C.F.R. § 208.16(b)(1)(i). We therefore remand to the BIA so that the agency may address that issue in the first instance.

**PETITION GRANTED AND REMANDED.**